UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NANCY CLAUSELL KNIGHT

        Plaintiff,

  -against-　　　　　　　　　　　　　　　　　　　　MEMORANDUM & ORDER
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　05-CV-2940 (NGG)(LB)
SOCIAL SECURITY ADMINISTRATION;
BROOKLYN BUREAU OF COMMUNITY　　　　　　　　**NOT FOR PUBLICATION**
SERVICES; COALITION OF THE
HOMELESS; NEW YORK CITY POLICE
DEPARTMENT,

        Defendants.
------------------------------------------------------------X

GARAUFIS, United States District Judge:

    Plaintiff brings this *pro se* action to challenge her status as an "incompetent" and to address the difficulties she has had obtaining housing for herself and her family. Plaintiff seeks damages and "further relief which the court may deem appropriate." (Complaint at 2.) The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, and directs plaintiff to amend her complaint within thirty (30) days of this Order as directed below.[1]

**I.   Standard of Review**

    In reviewing plaintiff's complaint, the court is mindful that because plaintiff is proceeding *pro se,* her submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks

---

[1] By letter dated July 25, 2005, plaintiff writes to request time to procure legal representation. Plaintiff's request is granted and she may use the time afforded by this Order to seek representation. However, if plaintiff is unable to find an attorney willing to represent her, she shall amend her complaint by herself.

1

omitted); <u>McEachin v. McGuinnis</u>, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputably meritless legal theory.'" <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

## II. Discussion

Plaintiff's complaint states in its entirety:

> At all times hereinafter mentioned plaintiff NANCY CLAUSELL KNIGHT was and still is a resident of Brooklyn Bureau of Community Services unwillfully. (Coalition of the Homeless was contacted of my feelings. Waiting for interview for New York City Housing Authority since 2001. Consider as a Disable at a certain time which was unknown to me. Finding out I was consider incompertent [sic]. I called 911 to the address of the Social Security Building on Pensvania [sic] Ave. Told me that I was informed by Mr. Mason I was consider incompetent which is a lie. That I wanted my case review. They had informed me [stricken] and that my acuser present. They informed me that they went through the wrong channel that they were sorry. Yet Brooklyn Women Shelter was still taken my money even after that which told me something was wrong. So I started working which I was looking for a job before that. I felt like they was trying to paralyzed me from my goals, to meet their needs which I felt and still feel are negatives. Trying to seek and apartment for my family. Brooklyn Woman Shelter kept informing me that their program is for single housing that I didn't belong their yet know preparations were made to place me on the right path. Telling me that the game which I call it, continues.
> I feel that I have been pushed into pressing charges and this suit. Being abused harassed and treated unfairly. My right have been violated and my only recourse is to resolve this would be this suit, ones and for all.
> 15 million dollars each for money damages and further relief which the court may deem appropriate.

While it is clear that plaintiff is unhappy with the way she has been treated by various

service organizations, it is unclear what claims she is presenting to the court or under what legal theory.

Plaintiff's complaint fails to meet the minimum pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure, which requires a pleading to give a defendant notice of the claim or claims asserted so as to enable her or him to answer and prepare for trial. Phillips v. Girdich, 408 F.3d 124, 127 (2d Cir. 2005) ("Under the Federal Rules, a 'short and plain' complaint is sufficient as long as it puts the defendant on notice of the claims against it."); Wynder v. McMahon, 360 F.3d 73, 79 (2d Cir. 2004); Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). In Simmons, the Second Circuit defined fair notice as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." Id. (internal quotation marks omitted); see also Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (fair notice is judged by whether the complaint enables defendants "to answer and prepare for trial").

Plaintiff's complaint does not give fair and reasonable notice of the claims plaintiff is asserting such that any of the defendants could respond, much less discern which claims are directed against them and what basis. Dismissal under Rule 8(a) "is usually reserved for those cases in which the complaint is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) (internal citation omitted). This is such a case. However, in deference to plaintiff's *pro se* status, and in an abundance of caution, the court grants plaintiff thirty days to amend her complaint. See Cruz v. Gomez, 202 F.3d 593 (2d Cir. 2000) (*pro se* plaintiff should be afforded opportunity to amend complaint prior to dismissal); see also Iwachiw v. General Electric Corp.,

No. 99-CV-3668, 2000 WL 381977, at *2 (E.D.N.Y. Feb. 22, 2000) (*pro se* plaintiff given leave to replead where complaint does not meet the requirements of Fed. R. Civ. P. 8).

### III. Conclusion

Plaintiff shall be afforded thirty days leave to file an amended complaint. The amended complaint must set forth the facts giving rise to her federal claims against each defendant and shall be submitted to the court within thirty days of the date of this Order. No summons shall issue at this time and all further proceedings are stayed for thirty days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Once submitted, the amended complaint shall be reviewed for compliance with this order and for sufficiency under 28 U.S.C. § 1915 (e)(2)(B). The court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 9, 2005                                         /s/ Nicholas Garaufis
    Brooklyn, N.Y.                                     NICHOLAS G. GARAUFIS
                                                      United States District Judge