UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
──────────────────────────────────────────X

NANCY CLAUSELL KNIGHT

               Plaintiff,

  -against-                                  **MEMORANDUM & ORDER**
                                            05-CV-2940 (NGG)(LB)

SOCIAL SECURITY ADMINISTRATION;
BROOKLYN BUREAU OF COMMUNITY              **NOT FOR PUBLICATION**
SERVICES; COALITION OF THE
HOMELESS; NEW YORK CITY POLICE
DEPARTMENT,

               Defendants.
──────────────────────────────────────────X

GARAUFIS, United States District Judge:

      The Plaintiff brings a *pro se* action challenging her status as an "incompetent" and alleging various grievances she has encountered in securing housing. The Plaintiff's first complaint was held, by Order of this court dated August 9, 2005, to have failed to meet the minimum pleading standards set forth in Rule 8 of the Federal Rules of Civil Procedure. Because the Plaintiff is proceeding *pro se,* the court granted the Plaintiff thirty (30) days to file an amended complaint that set forth the facts giving rise to her federal claims against each of the Defendants.

      The Plaintiff has met the timing obligations imposed by the court, but her amended complaint still fails to provide fair notice such that will "enable the adverse party to answer and prepare for trial, allow the application of res judicata and identify the nature of the case so it may

1

be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (internal quotation marks omitted). Though the Plaintiff does provide a greater degree of detail as to her feelings of unhappiness about the manner in which various organizations have treated her, much like her first complaint, the amended complaint does not set forth what claims she brings against each defendant nor the legal theories underlying those claims.

The Plaintiff, however, has requested additional time to further amend her complaint to bring it into compliance with the court's previous order, and in addressing this request the court remains mindful of the fact that the plaintiff is proceeding pro se. See McEachin v. McGuinnis, 357 F.3d 197, 201 (2d Cir. 2004) ("Our reluctance to dismiss [pro se] complaints at such an early stage of the proceedings stems in part from the limited legal knowledge and resources available to pro se plaintiffs, which may hamper their ability to articulate potentially valid claims in legally cognizable language.").

Therefore, the Plaintiff shall be afforded sixty (60) days leave to file a further amended complaint. As the previous order directed, the further amended complaint must set forth the facts giving rise to her federal claims against each defendant and shall be submitted to the court within sixty days of the date of this Order. No summons shall issue at this time and all further proceedings are stayed for sixty days for Plaintiff to comply with this Order. If Plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Once submitted, the amended complaint shall be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is

denied for purposes of appeal.  Coppedge v. United States, 369 U.S. 438, 444-45 (1962).


SO ORDERED.

Dated: September 20, 2005                    /s/ Nicholas Garaufis
      Brooklyn, N.Y.                              NICHOLAS G. GARAUFIS
                                               United States District Judge